**Filed** IFP
NP

AO 241   (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

APR 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

6

| United States District Court | District NORTHERN DISTRICT OF CALIFORNIA | |
|---|---|---|
| Name CHAD EDWARD KASTLE | Prisoner No. P86598 | Case No. |

Place of Confinement
SALINAS VALLEY STATE PRISON
31625 HWY 101, POB 1050
SOLEDAD, CALIF. 93960-1050

# C08   02196 JF

Name of Petitioner (include name under which convicted)

CHAD EDWARD KASTLE                    v.

Name of Respondent (authorized person having custody of petitioner)

MICHAEL S. EVANS (WARDEN)

The Attorney General of the State of:   CALIFORNIA

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack   MONTEREY CO. SUPERIOR
COURT, MONTEREY, CALIFORNIA

2.  Date of judgment of conviction   December 3, 2007 (Denied Habeas Petition)

3.  Length of sentence   Loss of credit of 90 days per 15 CCR §3323(f)(1)

4.  Nature of offense involved (all counts)   One Count of refusing to submit to
urinalysis by correctional staff 15 CCR §3315(a)(3)(R)

5.  What was your plea?  (Check one)
    (a) Not guilty          ☒
    (b) Guilty              ☐
    (c) Nolo contendere     ☐
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    N/A

6.  If you pleaded not guilty, what kind of trial did you have?  (Check one)
    (a) Jury          ☐    N/A
    (b) Judge only    ☐
    SHO (Senior Hearing Officer)

7.  Did you testify at the trial?
    Yes ☐  No ☒X    N/A

8.  Did you appeal from the judgment of conviction?
    Yes ☒  No ☒

(2)

AO 241   (Rev. 5/85)

9.  If you did appeal, answer the following:

   (a) Name of court ___N/A_____

   (b) Result _____

   (c) Date of result and citation, if known _____

   (d) Grounds raised _____

   _____

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court _____

      (2) Result _____

      _____

      (3) Date of result and citation, if known _____

      (4) Grounds raised _____

      _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court _____

      (2) Result _____

      _____

      (3) Date of result and citation, if known _____

      (4) Grounds raised _____

      _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
   Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court ___Superior Court of California, Co. of Monterey___

      (2) Nature of proceeding ___Habeas Corpus_____

      _____

      (3) Grounds raised ___Due Process, Evidence Gained persuant to___

      ___illegal search and seizure, further due process, See___

(3)

AO 241    (Rev. 5/85)

_attached State Petition._

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐  No ☒

(5) Result  Denied on December 3, 2007, Case No. HC5929

(6) Date of result  12-3-07    NOTICE FOR RECONSIDERATION FILED

(b) As to any second petition, application or motion give the same information:

(1) Name of court  California Court of Appeals, 6th App. Dist.

(2) Name of proceeding  Habeas Corpus

(3) Grounds raised  Same as Superior Court Grounds

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐  No ☒

(5) Result  Denied, Case No. H032422

(6) Date of result  January 29, 2008

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.        Yes ☒    No ☐

(2) Second petition, etc.       Yes ☒    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Appealed from action  See Ex B

12.  State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241    (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: (c) CONVICTION OBTAINED BY USE OF EVIDENCE GAINED PERSUANT TO AN UNCONSTITUTIONAL SEARCH AND SEIZURE.

Supporting FACTS (state *briefly* without citing cases or law): On July 25, 2007 my psychologist provided confidential information to non-privleged custody staff for the sole purpose of disciplining me.    See Ex. A & B

B. Ground two: N/A

Supporting FACTS (state *briefly* without citing cases or law):

AO 241    (Rev. 5/85)

C.  Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:    This Ground was
presented to the California Supreme Court and denied on March 26, 2008,
Case No. S160873

_____

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
     Yes  **XX**    No  ☐

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
     herein:
     (a)  At preliminary hearing    Pro Se    _____

_____

     (b)  At arraignment and plea    N/A    _____

AO 241    (Rev. 5/85)

(c) At trial __N/A__

(d) At sentencing __N/A__

(e) On appeal __N/A__

(f) In any post-conviction proceeding __Pro Se__

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ☒    No ☐

    (a) If so, give name and location of court which imposed sentence to be served in the future: __Ventura County__ __Superior Court, Ventura California 93009__

    (b) Give date and length of the above sentence: __14 years 4 months__

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Yes ☒X    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____Pro Se_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__4-15-2008__
Date

_____
Signature of Petitioner

Court of Appeal, Sixth Appellate District - No. H032422
**S160873**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re CHAD EDWARD KASTLE on Habeas Corpus

The application for stay and petition for review are denied.

SUPREME COURT
FILED

MAR 26 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
Chief Justice



# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT



Court of Appeal - Sixth App. Dist.

# FILED

JAN 2 9 2008

MICHAEL J. YEHLY, Clerk

By _____
DEPUTY

In re CHAD EDWARD KASTLE,

on Habeas Corpus.

H032422
(Monterey County
Super. Ct. No. HC5929)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated    **JAN 2 9 2008**    _____    BAMATTRE-MANOUKIAN, J.    _____ Acting P.J.

FILED

DEC 0 3 2007

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
NOEMI P. BECERRA DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

Case No.: HC 5929

In re )
)                ORDER
Chad Edward Kastle )
)
On Habeas Corpus. )

On October 5, 2007, Petitioner filed a petition for writ of habeas corpus.

On October 17, 2007 and November 6, 2007, Petitioner filed motions to amend the petition. On November 8, 2007, the court granted these motions.

Petitioner is currently incarcerated at Salinas Valley State Prison.

Petitioner describes the background of the petition as follows.

On August 5, 2007, Petitioner was found guilty of refusal to test for controlled substances and was assessed 90 days forfeiture of credits. (RVR B07-07-0036.)

On August 2, 2007, Petitioner submitted an appeal. On August 19, 2007, Petitioner sent an Inmate Request for Interview. Petitioner has not submitted a copy of this request. On September 5, 2007, Petitioner submitted an appeal. On September 6, 2007, the Appeals Coordinator screened out his appeal. On September 17, 2007, Petitioner submitted an appeal. On September 18, 2007, Petitioner's appeal was screened out.

In the instant petition, Petitioner claims that he was improperly found guilty of refusal to test for controlled substances on the ground that his psychiatrist improperly disclosed confidential information to the prison officials. Petitioner appears to claim that his psychiatrist failed to obtain his written consent before changing his medication.

Petitioner's claims fail. Petitioner failed to exhaust his administrative remedies. *In re Muszalski* (1975) 52 Cal.App.3d 500, 508.

1

1    To the extent that Petitioner argues that his appeal was improperly screened out, his

2  argument fails. Petitioner fails to meet his burden of explaining how his appeal was improperly

3  screened out. See *People v. Duvall* (1995) 9 Cal.4th 464, 474. After Petitioner's appeal was

4  screened out on September 18, 2007, he failed to follow the appeals coordinator's instructions.

5  On September 18, 2007, Petitioner's appeal was screened out because 1) his appeal contained

6  numerous and separate issues and 2) Petitioner failed to attach a complete final copy of the RVR.

7  The screen out states in part, "If you allege the above reason is inaccurate, then attach an

8  explanation on a separate piece of paper, or use the back of this screen out—do not write any

9  more on the appeal itself. Please return this form to the Appeals Coordinator with the necessary

10  information attached." Petitioner fails to explain why he did not submit his explanation to the

11  appeals coordinator after Petitioner's appeal was screened out on September 18, 2007. *Duvall*,

12  *supra*, 9 Cal.4th 464, 474.

13    Accordingly, the petition is denied.

14    IT IS SO ORDERED.

15  Dated: 12-03-07

16

17    _____

18    Hon. Stephen A. Sillman
    Judge of the Superior Court

19

20

21

22

23

24

25

2

# E X H I B I T  **A**

## DESCRIPTION OF EXHIBIT:

Disciplinary Report (RVR) Containing Disclosure.

804 Sent To Records O. 7-30-0ᵗʰ By (SN)

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTION

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-86598 | KASTLE | | EPRD/ 7-11-2010 | SVSP | B5-204U | B07-07-0 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3290(d) | REFUSAL TO TEST FOR CONTROLLED SUBSTANCES | Fac. 'B' HEALTH ANNEX | 07/25/07 | 1330 HRS |

CIRCUMSTANCES

On July 25, 2007, at approximately 1330 hours, while I was assigned as Bravo Work Crew Officer, I we instructed by B-Yard Sergeant Jansen to conduct a urinalysis on Inmate KASTLE, P-86598, B5-204U, at the request of B-Yard medical staff Dr. Kirby. I had Inmate KASTLE report to B-Medical Health Annex. I handed Inmate KASTLE a pair of latex gloves and a urine specimen container and instructed Inmate KASTLE to give me a urine sample. Inmate KASTL handed me back the above mentioned items and stated, "I refuse." I advised Inmate KASTLE that refusal to submit t a urinalysis would result in a CDC 115 for refusing. Inmate KASTLE stated, "That's alright, I will take the 115."

Inmate KASTLE is a participant in the Mental Health Services Delivery System at the CCMS level of care.

Inmate KASTLE's TABE score is above 4.0.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ S. Martinez, Correctional Officer | 7/30/07 | B-Work Crew Ofcr. | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| | 7-30-2007 | N/A DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE: | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | D | 7/30/07 | ▶ | ☐ HO ☒ SHO ☐ SC ☐ |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| B07-07-0036 | ▶ | 8/1/07 | 2020 | N/A |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| N/A | ▶ | | | ▶ | | |

HEARING

**PLEA: NOT GUILTY**

**FINDINGS:** Inmate KASTLE was found Guilty of CCR §3290(d), specifically, "REFUSAL TO TEST FOR CONTROLLED SUBSTANCES", Division "D" Offense. This finding is based on the preponderance of evidence presented at the hearing which d substantiate the charge.

**DISPOSITION:** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬ of credits, consistent with a Division "D" Offense, per §3323. Inmate KASTLE was assessed 90 days Privilege Group "C", which shall commence on 08/05/07 and conclude 11/02/07. Privilege Group "C" includes: Limited yard per "C" Status, No telephone calls (except on emergency basis), dayroom, No family visits, No special purchase or quarterly packages, ¼ maximum canteen draw.

**ADDITIONAL DISPOSITION:** Inmate KASTLE was counseled, warned and reprimanded.

**INMATE KASTLE IS REQUIRED TO SUBMIT TO MANDATORY RANDOM DRUG TESTING, PER CCR 3315(f)(4), FOR A PERIOD OF TWELVE ( MONTHS.**

(CONTINUED ON RVR PART-C)

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | | |
|---|---|---|---|---|---|
| CTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
| L. KESSLER, CORRECTIONAL LIEUTENANT (F-B) | | ▶ | | 8/5/07 | 0819 |
| VED BY: (SIGNATURE) M. Wini RENKE, CAPTAIN (A) | DATE 8/21/07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ E.R. JONES, C.D.O. | CDO | DATE 8/29/0 | |
| CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | | DATE 9-7-07 | TIME 099 |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTION

**RULES VIOLATION REPORT - PART C**                                   PAGE 2 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-86598 | KASILE | B07-07-0036 | S.V.S.P. | 08/05/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

**Hearing:** 08/05/07   **Time:** 0819 hrs   **Any Postponement Explained:** None

**Inmate's Health:** Inmate KASILE stated his health was good and is willing to proceed with the hearing. The circumstances have been read aloud in the presence of inmate KASILE, who acknowledged his understanding of the charges

**MHSDS:** Inmate KASILE **is** a participant in the Department's Mental Health Services Delivery System (MHSDS), at the CCCM level of care.

The circumstances of the RVR do not indicate that inmate KASILE exhibited any bizarre behavior that would rai concerns about his mental health. Based on this and pursuant to recent changes approved by the U.S. Court on COLEMAN, mental health assessment was not initiated. During the hearing, inmate KASILE did not demonstrate any strange, bizarr or irrational behavior.

**Date of Discovery:** 07/25/07
**Initial RVR copy issued on:** 08/01/07
**Last document issued on:** 08/01/07
**Hearing started on:** 08/05/07
**D.A. postponed date:** None
**D.A. results issued date:** None

**Time Constraints:** Time constraints were met. Inmate KASILE was provided a copy of the CDCR Form 115 within 15 day after the discovery of information leading to the charge. The hearing was held within 30 days of the date the inmate was provided a copy of the CDCR Form 115.

**Staff Assistant (SA):** A Staff Assistant was not assigned per CCR §3315(d)(2).

Inmate KASILE'S TABE Reading Score is above 4.0.

**Investigative Employee (IE):** An Investigative Employee was not assigned per CCR §3315(d)(1).

**D.A. Referral:** N/A

**Evidence Requested or Used:** There was no evidence requested or used.

**External/Outside Evidence:** None   **Video Tape Evidence:** None

**Inmate Plea and Statement:** Inmate KASILE entered a plea of **NOT GUILTY** and made the following statement: "No, I have deal with it on appeal."

(CONTINUED ON RVR PART-C)

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| R.A. KESSLER, CORRECTIONAL LIEUTENANT | | 8/5/07 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 9-1-07 | 0900 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

115 C (5/95)

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTION
**RULES VIOLATION REPORT - PART C**                          PAGE _3_ OF _4_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-86598 | KASTLE | B07-07-0036 | S.V.S.P. | 08/05/07 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

**The Senior Hearing Officer asked the following question(s) of the Subject:**

Q-1: You were ordered to submit to a urine analysis by Correctional Officer Martinez?
A-1: Yes.

Q-2: Did you comply with this lawful order?
A-2: No.

**Witnesses Requested:** None.   **Witness Testimony at Hearing:** None

**Confidential Information:** There was no confidential information used in this hearing.

**Findings:** Inmate KASTLE is found **Guilty** of "REFUSAL TO TEST FOR CONTROLLED SUBSTANCES." This finding of **Guilty** is based upon the following preponderance of evidence:

**A:** The testimony of Correctional Officer S. Martinez, presented in the circumstances portion of the RVR which states part: "....I was instructed by B-Yard Sergeant Jansen to conduct a urinalysis on inmate KASTLE (P-86598, B5-204U), the request of B-Yard medical staff Dr. Kirby. I had inmate KASTLE report to B-Medical Health Annex. I handed inmate KASTLE a pair of latex gloves and a urine specimen container and instructed inmate KASTLE to give me a urine sample. Inmate KASTLE handed me back the above mentioned items and stated, "I refuse." I advised inmate KASTLE that refusal submit to a urinalysis would result in a CDC-115 for refusing. Inmate KASTLE stated, "That's alright, I'll take the 115."

**B:** The testimony of Dr. Kirby M.D., presented in the RVR Supplemental Report, which states in part: " On 07/25/07, approximately 1130 hours, while assigned as Psychiatrist, I saw inmate KASTLE (P-86598) for a priority during medication management appointment. During the appointment, I noted that he was agitated, anxious, slightly tremulous, argumentative, defensive, slightly paranoid, demanding and not appropriately processing information. His eyes were glassy and his pupils were extremely dilated. I did not believe these symptoms were best accounted for by his current medication, though I reduced it over the next several weeks, as it appeared contraindicated. Following my appointment with him, I discussed his presentation with his regular clinician, Dr. Schneider, who concurred that his presentation was outside his normal baseline, and we both had agreed that a urine toxicity screen was appropriate. I suspected that these symptoms were better accounted for by substance abuse, consistent with amphetamine abuse, and ordered a stat urine toxicity screen. I was informed that inmate KASTLE refused to provide a urine sample and this matter has been turned over to custody for appropriate action."

**Conclusion:** The Reporting Employee notes that he recieved instructions from Sergeant Jansen, per Dr.Kirby, to conduct urine analysis on inmate KASTLE, who did not cooperate and stated, "I refuse." The Supplemental Report authored by Dr. Kirby M.D. notes that she met with inmate KASTLE on 07/25/07 and suspected (believed) that the symptoms noted in the RVR Supplemental are not consistent with his prescribed medication. Dr. Kirby discussed the aforementioned with inmate KASTLE'S regular clinician, Dr. Schneider, who concurred that inmate KASTLE'S presentation was outside his normal baseline and that a toxicity screen was appropriate. Dr. Kirby states she suspected that the symptoms noted in the RVR Supplemental Report were better accounted for by substance abuse, consistent with amphetamine abuse.

**(CONTINUED ON RVR PART-C)**

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | R.A. KESSLER, CORRECTIONAL LIEUTENANT | | 8/5/07 |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY (Staff's Signature) | DATE SIGNED 7-1-07 | TIME SIGNED 0900 |

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTION

**RULES VIOLATION REPORT - PART C**                                                     PAGE **4** OF **4**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-86598 | KASILE | B07-07-0036 | S.V.S.P. | 08/05/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

Inmate KASILE pled not guilty to said charge, however he did not use the alloted time set aside for him to present t
basis for his innocence. The Senior Hearing Officer admonished inmate KASILE for not complying to direct orders fr
staff. Inmate KASILE was advised that further violations of this nature will result in progressive disciplinary actic

**This finding is based on the preponderance of evidence at the hearing, which does substantiate the charge.**

**Enemy Concerns:** There are no enemy concerns related to this disciplinary report.

**Appeal Rights:** Inmate KASILE was advised of his rights to appeal per CCR §3084.1(a). Inmate KASILE was advised th
he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer. Inmate KASILE v
further advised of restoration of credit loss for a Division "D" Offense per CCR 3327.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| R.A. KESSLER, CORRECTIONAL LIEUTENANT | 8/5/07 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 9-1-07 | 0900 |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTION

**RULES VIOLATION REPORT - PART C**                                                    PAGE _1_ OF _1_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-86598 | KASTLE | B07-07-0036 | SVSP | 07/25/07 |

[X] SUPPLEMENTAL    [ ] CONTINUATION OF:    [ ] 115 CIRCUMSTANCES    [ ] HEARING    [ ] IE REPORT    [ ] OTHER_____

On 07/25/07, at approximately 1130 hours, while I was assigned as Psychiatrist, I saw Inmate KASTLE, P-86598, for a priority ducated medication management appointment. During the appointment, I noted that he was agitated, anxious, slightly tremulous, argumentative, defensive, slightly paranoid, demanding, and not appropriately processing information. His eyes were glassy and his pupils were extremely dilated. I did not believe these symptoms were best accounted for by his current medication, though I reduced it over the next several weeks, as it appeared contraindicated. Following my appointment with him, I discussed his presentation with his regular clinician, Dr. Schneider, who concurred that his presentation was outside his normal baseline, and we both had agreed that a urine toxicity screen was appropriate. I suspected that these symptoms were better accounted for by substance abuse, consistent with amphetamine abuse, and ordered a stat urine toxicity screen. I was informed that Inmate KASTLE refused to provide a urine sample and this matter has been turned over to custody for appropriate action.

Dr. Kirby, ~~Psy.D~~ M.D

**SIGNATURE OF WRITER**                                               | DATE SIGNED |
                                                                       | 7/31/07 |

**GIVEN BY: (Staff's Signature)**              | DATE SIGNED | TIME SIGNED |
                                               | 8/1/07 | 2600 |

[ ] COPY OF CDC 115-C GIVEN TO INMATE

` 115-C (5/95)                                                                         OSP 99 2

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-16591 | TATTEE | CCR 3369(3) | 07/25/07 | CVSP | P07-37-0035 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☑ NOT ASSIGNED | REASON DNMC 3315 d.2 | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☑ NOT ASSIGNED | REASON DNMC 3315 d(1) | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER _____  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| N/A | ☐ | ☐ | N/A | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, document the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☑ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1400 | DATE 8/1/07 |
|---|---|---|---|

E X H I B I T **B**

DESCRIPTION OF EXHIBIT:

Administration Exhaustion

State of California    INMATE / PAROLEE APPEAL SCREENING FORM    Department of Corrections and Rehabilitation
CDCR-695

INMATE: _Kastle_    CDC #: _P-86598_    CDC HOUSING: _B5-102_

THIS IS NOT AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Inappropriate Statements

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] Appealing Action Not Yet/Already Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[✗] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Action / Decision Not Taken By CDCR

[ ] DRB/BPH Decisions Are Not Appealable

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
   Services, submit your request on a CDCR-Form 7362.
   If necessary, sign up for sick call.

[ ] Request for Interview; Not an Appeal

[ ] must attempt to resolve grievance informally
   through the informal appeals process.

PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS
    Comments:  You may write on back of this form to clarify or respond to the above.

_you have several issues in appeal._
_#1 is to have an appeal, I never received, get_
_a log #. I can only process appeals after I_
_receive them. You have attached a copy of_
_an appeal, on white paper, w/ no original signature_
_that is now outside time constraints._
_# 2 is the RVR. to appeal an RVR, attach_
_A complete final copy : note due process_
_procedural errors on A 602._

Eloy Medina, CC-II
Appeals Coordinator

Date: _9/18/07_

This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.*  Please
return this form to the Appeals Coordinator with the necessary information attached. (4/30/07)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.                    Category

1. _____        1. _____       $10$

2. _____        2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

*Processing of Appeals*

| NAME Kastle, CHAD EDWARD | NUMBER P86598 | ASSIGNMENT 2nd Watch Building Porter | UNIT/ROOM NUMBER B5-102 |
|---|---|---|---|

A. Describe Problem: ☒ After an incident on July 25, 2007, I filed a 602 appeal form dated for August 02, 2007 (Exhibit A) through the institutional mail. After not receiving an Inmate Appeal Assignment Notice, as is usually sent to me describing the appeals designation and due date, I sent an Inmate request for interview (GA-22) to the Appeals Coordinator on August 19, 2007. After two more weeks of not hearing back from the Appeals Coordinator, on July 09, 2007 I filed A 602 appeal requesting the position of my August 02, 2007 appeal as well as requesting a LOG # for that 602 appeal and that an Assignment Notice

If you need more space, attach one additional sheet.    **(CONTINUED ON ATTACHED SHEET)**

B. Action Requested:  To be granted a time extension and have my ~~original~~ original Aug. 2 2007 filed at the formal level and given a LOG #. Thank you.

REC'D SEP 18 2007

Inmate/Parolee Signature: _____     DELIVERED SEP 21 2007   Date Submitted: 9/17/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____                  Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____                        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

CONTINUED 602 APPEAL FOR SEPTEMBER 17, 2007

Describe Problem: be sent to me for that August 2nd appeal.  On September 13, 2007 I received my July 9th appeal back and a CDCR-695, Screening Form attached to the front of it.  On the bottom of the screening form is stated that this CDCR-695 form may not be appealed.  From the face of the Screed-Out appeal and the face of the CDCR-695 form attached, it appears that the appeals coordinator either does not understand the appeal, or did not read it at all.  Regardless, the Appeals Coordinator, Eloy Medina, attached a printout of my updated appeals where there is no sign of my 2nd August 2, 2007 appeal ever reaching or being filed.  (Exhibit B, September 5th, 2007 screened out appeal)  Being that the incident on which date of the August 2nd, 2007 appeal was filed (July 25, 2007) is an now barred by 15 CCR §3084.6(b); from filing an appeal aginst medical staff Dr. Keren Kerby because the incidence occured on July 25, 2007 and my August 2nd 2007 appeal XXXXXXXXXX never reached the Appeals Coordinator.  As stated in my original appeal of August 2, 2007, I am only filing this appeal to exhaust my lesser remedies so as this matter is not likely to be resolved at the Administrative Level, so I might bring this matter to the court.


ATTACHED: EX A Original August 2,2007  602 Appeal
          EX B Screened out 602 appeal for September 9, 2007


CHAD E. KASTLE, P86598                          DATED: September 17, 2007

State of California    INMATE / PAROLEE APPEAL SCREENING FORM    Department of Corrections and Rehabilitation
CDCR-695

INMATE: _Kastle_____    CDC #: _P-86598_    CDC HOUSING: _BS-102_

THIS IS NOT AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

[ ] Duplicate Appeal; Same Issue

[ ] Inappropriate Statements

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] Appealing Action Not Yet/Already Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Action / Decision Not Taken By CDCR

[ ] DRB/BPH Decisions Are Not Appealable

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
Services, submit your request on a CDCR-Form 7362.
If necessary, sign up for sick call.

[X] Request for Interview; Not an Appeal

[ ] must attempt to resolve grievance informally
through the informal appeals process

PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>
Comments:  You may write on back of this form to clarify or respond to the above.

_Send Request for Interview to_
_Medical._

_I have attached Appeal listing of_
_Formal Appeals received by Appeals Office_

Eloy Medina, CC-II
Appeals Coordinator

DELIVERED SEP 1 3 2007
Date: _9/c/07_

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself*. Please

B5

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region       Log No.                    Category   10

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    *process of Appeals*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| KASTLE, Chad Edward | P86598 | PTR.B B52W | B5-102 |

A. Describe Problem: **On August 02, 2007, I filed a CDC 602 appeal agints medical staff. On August 19th, 2007, after not hearing from the appeals coordinator regarding my appeal, I sent a CDC GA-22 Inmate request for Interview to the appeals coordinator requesting information regarding the August 2nd appeal. To date I have heard nothing about any action requested of my appeal, or a response to my 08/19/2007 request for interview. I am sending a re-typed co of the 08/19/2007 request for interview with this appeal.**

**-attached copy of 8-19-07, GA-22-**

If you need more space, attach one additional sheet.

B. Action Requested: **Provide me with the current position of my August 2nd appeal, provide me with a LOG # for that appeal, and forward me an, "Inmate Appeal Assignment Notice" for the August 2nd Appeal (CDC 602). Thank you.**

Inmate/Parolee Signature: _Chad E. Kastle_          REC'D SEP 6 2007   Date Submitted: **09/05/2007**

C. INFORMAL LEVEL (Date Received: _____ )

DELIVERED SEP 1 3 2007

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: DELIVERED SEP 21 200

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) an submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number: _____
Board of Control form BC-1E, Inmate Claim

GA-22                        INMATE REQUEST FOR INTERVIEW

08/19/2007    Appeals Coordinator              Kastle                    P86598

    B5        204       porter, B52W    RDO: S/M

    Coastline Community College Fall '07


I have not received an, "Inmate Appeal Assignment Notice" on two CDC-602 appeals I filed.

One was on August 02, 2007 and the other was on August 13, 2007. Please inform me as to the

proceedings of these Appeals.  Thank you.

Chad Edward Kastle
CDCR # P-86598
Salinas Valley State Prison
31625 Highway 101, POB 1050
Soledad, CA 93960-1050
**In Pro Per,**

IN THE SUPREME COURT OF CALIFORNIA

FOR THE SAN FRACISCO DIVISION

| | |
|---|---|
| In re ) | S160873 |
| ) | |
| CHAD EDWARD KASTLE ) | REQUEST TO STAY REVIEW PROCEEDINGS BY THE COURT |
| ) | |
| On Habeas Corpus. ) | Cal. Code of Civ. Proc. §923 |
| ) | |

TO THE HONORABLE JUDGE OF THE SUPREME COURT OF CALIFORNIA:

Petitioner KASTLE is currently awaiting Review by this court filed on February 19, 2008.

Petitioner has previously been denied grant of his Habeas Petition by the Sixth Appellate District court, Case No. H032422, on January 29, 2008.

Petitioner has previously been denied grant of his Habeas Petition by the Superior Court of California, Monterey County, Case No. HC5929, December 03, 2007.

SUMMARY IN SUPPORT OF REQUEST

In the instant petition at Contention III, the petitioner is asking the court to proceed with a grant of his habeas petition, without first exhausting his administrative remedies becase of friviolus means by the Respondent.

On February 07, 2008 the Respondent decided to except the Administrative appeal over six months last, thus contrary to the Respondent's own regulation at 15 CCR §3084.7(c).

Being that the sole reason for the Trial court's original

KASTLE ON REQUEST FOR STAY

- 1 -

1  denial of petitioner's habeas petition was for the failure to
2  fully exhaustion of Administrative Remedies; as well as it was
3  no fault of petitioner for the respondent's refusal to complete
   the Administrative process (see attached Appeal's and respondent
4  response of February 26, 2008), petitioner now request's a stay
5  of this instant petition, whereas the respondent either continues
6  to refuse to complete the administrative exhaustion process, or,
   the Administrative Process is Completed by the Respondent, thus
7  so allowing petitioner to re-submit the habeas petition back to
8  the Superior Court for proper adjucation of his contections less
9  contention Number Three.

   DATE: 3-6-08                     Respectfully Submitted,

                                    Chad E. Kastle, P86598
                                    Petitioner, In Pro Per.

KASTLE ON REQUEST FOR STAY

COPY

Chad Edward Kastle
CDCR # P-86598
Salinas Valley State Prison
31625 Highway 101, POB 1050
Soledad, CA 93960-1050

Pro se litigant,

FILED FEB 19 2008

By, FREDRICK K OHLRICH

Clerk of the Supreme Court

//seal//

IN THE CALIFORNIA SUPREME COURT

SAN FRANCISCO DIVISION

In re ‸                          )
                                 )        Case No S160873
                                 )
          CHAD EDWARD KASTLE     )      6th App. # H032422, (12-24-07)
                                 )
                                 )     Monterey Co. # HC5929, (10-05-07)
                                 )
                                 )        PETITION FOR REVIEW
On Habeas Corpus.               )
                                 )     Cal. Rules of Ct., Rule §28(a)
_____  )

1)   This petition for writ of habeas corpus was denied
     by the Sixth Appellate District Court of Appeals
     on 01-29-2008 without comment, #H032422.

2)   This petition for writ of habeas corpus was denied
     by the Monterey County Superior Court of Calif. on
     12-03-2007, see Exhibit "G" of the attached petitio
     petition for reason for denial.

     I ask that this court review this petition for writ of
habeas corpus persuant to California Rules of Court, Rule §28(a).

DATED: 02-13-2008

                                 Respectfully Submitted,

                                 Chad E. Kastle, P86598
                                 Petitioner, In Pro Per.

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
—
☐  LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

**Supreme Court of California**

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

February 19, 2008

Mr. Chad Edward Kastle
P-86598
P. O. Box 1050
Soledad, CA 93960-1050

**Re:    S160873 – In re Chard Edward Kastle on Habeas Corpus**

Dear Mr. Kastle:

The court has granted permission to file the untimely petition for review and the petition was filed February 19, 2008.

An answer to the petition may be served and filed on or before March 10, 2008, 20 days after the petition is filed. The answer may present additional issues desired for review if the petition for review is granted.

A reply to the answer may be filed within 10 days after filing of the answer, limited to the additional issues presented in the answer, if any.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: C. Thompson, Deputy Clerk

cc:/    Office of the Attorney General



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



Court of Appeal - Sixth App. Dist.

**FILED**

JAN 2 9 2008

MICHAEL J. YEHLY, Clerk

By_____
DEPUTY

In re CHAD EDWARD KASTLE,

on Habeas Corpus.

H032422
(Monterey County
 Super. Ct. No. HC5929)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated ___JAN 2 9 2008___          ___BAMATTRE-MANOUKIAN, J.___ Acting P.J.

**STATE OF CALIFORNIA**                    **COUNTY OF MONTEREY**

I, Chad Kastle P86598 declare under penalty of perjury that: I am the Petitioner in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this 6TH day of March, 20 08, at Salinas Valley State Prison, Soledad, CA 93960-1050.

(Signature) Chad E _____
DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PROOF OF SERVICE BY MAIL

I, Chad Kastle P86598 am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-1050.

On 3-6, 20 08, I served the foregoing: Request to Stay review proceeding by the Court

**(Set forth exact title of document(s) served)**

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, CA 93960-1050.

California Attorney General
Mr E. Brown Jr.
455 Golden Gate Ave # 11000
San Francisco CA 94102-7004
**(List parties served)**

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 3-6, 20 08

Chad E _____
DECLARANT/PRISONER



Chad Edward Kastle
CDCR # P-86598
Salinas Valley State Prison
Facility B, Bldg. 5-102
31625 Highway 101, POB 1050
Soledad, Calif. 93960-1050

Pro se litigant,

# CALIFORNIA COURT OF APPEALS

## SIXTH APPELLATE DISTRICT

---

In re

    CHAD EDWARD KASTLE

        Petitioner,

On Habeas Corpus

MIKE S. E V A N S: Warden, SVSP
et al.

        Respondent.

---

Case No. **HO32422**

PETITION FOR WRIT OF HABEAS CORPUS
AND ATTACHED MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

Cal Penal Code § 1474

( C O V E R   P A G E )

MC–275

Name  Chad Edward Kastle

Address  31625 Highway 101, POB 1050

Soledad, CA 93960-1050

CDC or ID Number  P-86598

## CALIFORNIA COURT OF APPEALS

## SIXTH APPELLATE DISTRICT

(Court)

**PETITION FOR WRIT OF HABEAS CORPUS**

Chad Edward Kastle

Petitioner

vs.

Mike S. Evans (Warden) et al.,

Respondent

No.  H032422

*(To be supplied by the Clerk of the Court)*

Monterey Co. Superior Ct. No. HC5929

### INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

[ ] A conviction                [ ] Parole

[ ] A sentence                  [X] Credits

[ ] Jail or prison conditions   [X] Prison discipline

[ ] Other *(specify):* _____

1. Your name:  Chad Edward Kastle

2. Where are you incarcerated?  Salinas Valley State Prison, Soledad, California

3. Why are you in custody?  [X] Criminal Conviction   [ ] Civil Commitment

   *Answer subdivisions e. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Residential Burglary; Receiving Stolden Property; and Prior Felony Enhancment.

   b. Penal or other code sections:  PC 459; PC 496; PC 667

   c. Name and location of sentencing or committing court:  Ventura County Superior Court, 800 S. Victoria Avenue, Ventura, California 93009

   d. Case number:  CR45410; CR38742

   e. Date convicted or committed:  May 26, 2000

   f. Date sentenced:  June 26, 2000

   g. Length of sentence: 14 years 4 months

   h. When do you expect to be released?  October 2010

   i. Were you represented by counsel in the trial court?  [X] Yes.  [ ] No. If yes, state the attorney's name and address:

   William Rutan, Ventura County Public Defenders Office
   800 S. Victoria Avenue; Ventura, California 93009

4. What was the LAST plea you entered? *(check one)*

   [ ] Not guilty   [X] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [ ] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

MC–275

6. GROUNDS FOR RELIEF
**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER WAS DENIED RIGHT OF PSYCHOTHERAPIST–PATIENT CONFIDENTIALITY

WHEN HIS PHYCHOTHERAPIST DISCLOSED PRIVILEGED INFORMATION TO CUSTODY

STAFF FOR THE PURPOSE OF OBTAINING A URINE SAMPLE WHICH PETITIONER THEN

REFUSED & INADVENTANTLY RECEIVED CREDIT FORFEITURE OF EARNED GOOD-TIME

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swein* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

(Please see Memorandum of Points and Authorities in Support of Petition)

(Authorized By Calif. PC §1474)

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

(Please see Memorandum of Points and Authorities in Support of Petition)

(Authorized by Calif. PC §1474)

7. **Ground 2 or Ground    2    (if applicable):**                                    MC–275

PETITIONER'S PSYCHOTHERAPIST FAILED TO SECURE WRITTEN INFORMED CONSENT

BEFORE CHANGING HIS RELYING PSYCHOTROPIC MEDICATION

a. Supporting facts:

(Please see Memorandum of Points and Authorities in Support of Petition)

(Authorized by Calif. PC §1474)

b. Supporting cases, rules, or other authority:

(Please see Memorandum of Points and Authorities in Support of Petition)

(Authorized by Calif. PC §1474)

MC–275

7. **Ground 3 or Ground** ___3___ *(if applicable):*

ADMINISTRATIVE COORDINATOR FAILED TO PROCESS PETITIONER'S EXHAUSTIVE

APPEAL THUS DENYING PETITIONER TO DUE PROCESS UNDER THE LAW

a. Supporting facts:

(Please see Memorandum of Points and Authorities in Support of Petition)

(Authorized by Calif. PC §1474)

b. Supporting cases, rules, or other authority:

(Please see Memorandum of Points and Authorities in Support of Petition)

(Authorized by Calif. PC §1474)

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  [X] No.  If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

           _____

   b.  Result _____    c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

             (2) _____

             (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

           _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

   a.  Result _____    b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

             (2) _____

             (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   N/A _____

   _____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

     Administrative appeal (CDCR-602 Form) filed on August 2, 2007.  This

             issue is a contention in this action.

     _____

     _____

     _____

     _____

     _____

     _____

   b.  Did you seek the highest level of administrative review available?  [x] Yes.  ☐ No.

     *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  [X] Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.     **MC–275**

13. a. (1) Name of court: **Superior Court of California, County of Monterey**

    (2) Nature of proceeding (for example, "habeas corpus petition"): **PC §1474 Habeas Corpus MC-275**

    (3) Issues raised: (a) **(1) Denied right to confidentiality**

       (b) **(2) Denied right to informed consent, (3) Denied right to exhaust administrative remedies.**
    (4) Result (Attach order or explain why unavailable):     **Court's Denial**

    (5) Date of decision: **December 3, 2007  (attached at exhibit) Case No. HC5929**

   b. (1) Name of court: **N/A**

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
    **No delay**

16. Are you presently represented by counsel?  ☐ Yes.  [X] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  [X] Yes.  ☐ No. If yes, explain:
    **Kastle v. Evans (2007) Civ No. CV-07-04730-SGL (RC)**
    **United States District Court, Cenrtal District**

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    **Issues presented to the California Superior Court, Monerey County**
    **The Honorable Stephen A. Sillman.**

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: **December 12, 2007**     ▶ _(signature)_
                                          (SIGNATURE OF PETITIONER)

1

Chad Edward Kastle
CDCR # P-86598
Salinas Valley State Prison
Facility B, Bldg. 5-102
31625 Highway 101, POB 1050
Soledad, CA 93960-1050

**Pro se litigant,**

2

3

4

5

6

7

## CALIFORNIA COURT OF APPEALS

8

### SIXTH APPELLATE DISTRICT

9

10

**In re**

11

**CHAD EDWARD KASTLE**
            (Petitioner)

12

13

On Habeas Corpus

14

**MIKE S. EVANS, Warden; SVSP
et al.**
            (Respondent).

15

16

17

Case No. ___H032422___

PETITION FOR WRIT OF HABEAS CORPUS
AND ATTACHED MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF

Cal Penal Code §1474

18

19

20

21

22

( C O V E R    P A G E )

23

24

25

26

27

28

//kastle on habeas corpus//

-  -

# T A B L E   O F   C O N T E N T S

**TITLE**                                                                    **PAGE NO.**

Table of Authorities.............................................ii, iii

Petition........................................................1

Introduction....................................................1

Parties.........................................................3

Statement of Facts..............................................4

Contentions.....................................................11

Prayer for Relief...............................................12

Verification....................................................12

Memorandum of Points and Authorities............................13

    I     PETITIONER WAS DENIED THE RIGHT TO A PSYCHOTHERAPIST
         AND PATIENT RELATIONSHIP UNDER THE LAW.....................14

         Argument..............................................14

         Conclusion............................................16

    II    PETITIONER'S PSYCHOTHERAPIST FAILED TO SECURE INFORMED
         CONSENT PRIOR TO CHANGING PETITIONER'S RELYING PSYCHIATRIC
         MEDICATION VIOLATING STATE LAW............................18

         Argument..............................................18

         Conclusion............................................19

    III   ADMINISTRATIVE COORDINATOR FAILED TO PROPERLY PROCESS
         PETITIONER'S EXHAUSTIVE APPEAL DENYING PETITIONER DUE PROCESS..20

         Argument..............................................20

         Conclusion............................................22

Verification....................................................23

Exhibit (A).....................................................24

Exhibit (B).....................................................25

Exhibit (C).....................................................26

Exhibit (D).....................................................27

Exhibit (E).....................................................28

Exhibit (F).....................................................29

Exhibit (G).....................................................30

Exhibit (H).....................................................31

Motion to proceed In Forma Pauperis.............................32

Motion for Appoingment of Counsel...............................34

[Proposed] Order to Show Cause..................................36

Proof of Service................................................38

# TABLE OF AUTHORITIES

**CITING**                                                      **PAGE NO.**

Chance v Armstrong (1998) 143 F3d 698......................11, 17, 18

Coleman v Wilson (1995) 912 F Supp 1282.....................17

Ewing v Goldstein (2004)....................................16

Glendale City Employees Association, Inc v City of
Glendale (1975) 15 Cal 3d 328...............................21

In re Dexter (1979) 25 Cal 3d 921...........................21

In re Muszalski (1975) 52 Cal App 500.......................11, 13, 20, 21

In re Strick (1983) 148 Cap App 3d 906......................21

Kelly v Small (9th Cir 2003) 31 F3d 1063....................21

Keyhea v Rushing (1986) 178 Cal App 526.....................13, 19

Nielsen v Superior Court (1997) 55 Cal App 4th 1150.........15

Olivera v Giurbino (9th Cir 2003) 371 F3d 569...............21

Ogo Associates v City of Torrance (1974) 37 Cal App 830.....21

Parratt v Taylor (1981) 101 S Ct 1908.......................14

People v Delgado (1989) 262 Cal 3d 122......................11, 13, 18

Peterson v Lampert (9th Cir 2002) 277 F3d 1073..............11, 20, 21

Preiser v Rodriguez (1973) 311 US 475.......................22

Rhines v Weber (2005) 125 S Ct 1528.........................21

Rudnick v Superior Court (1974) 11 Cal 3d 924...............11

United States v Hayes (2000) 227 F3d 578....................11

Waldrop v Evans (11th Cir 1989) 871 F2d 1030................17

White v California (1987) 195 Cal App 3d 452................21

Williams v Vincent (2nd Cir 1974) 508 F2d 541...............17

**FEDERAL CONSTITUTION:**

        5th Amendment.......................................11, 20

        8th Amendment.......................................11, 14, 18

        14th Amendment......................................11, 14

**STATE CONSTITUTION:**

        Article I, Section § 7..............................11, 13, 18

        Article I, Section § 29.............................11, 13, 18

# T A B L E   O F   A U T H O R I T I E S

**STATE REGULATION**                                        PAGE NO.

15 C.C.R. § 3084.4.............................................6

15 C.C.R. § 3290.............................................1

15 C.C.R. § 3315.............................................4

15 C.C.R. § 3327.............................................4

15 C.C.R. § 3361.............................................11, 13, 14, 15

**CALIFORNIA STATUTE:**

CALIFORNIA CIVIL CODE,

Section § 56.10.............................................11, 14, 17

Section § 2016.............................................11, 14

Section § 2031.............................................11, 14

CALIFORNIA EVIDENCE CODE,

Section § 1012.............................................11, 13, 14

Section § 1014.............................................11, 13, 14, 15

Section § 1024.............................................16

CALIFORNIA GOVERNMENT CODE,

Section § 810.............................................10

CALIFORNIA WALFARE AND INSTITUTIONS CODE,

Section § 5326.............................................11, 14, 17, 18, 19

Section § 5326.4.............................................11, 18, 19

Section § 5328.............................................11, 14, 17

CALIFORNIA PENAL CODE

Section § 1474.............................................1, 32

Section § 1524.............................................11, 14

Section § 1543.............................................11, 14

Section § 3521.............................................11, 14, 19

Section § 5050.............................................3

CALIFORNIA RULES OF COURT,

Rule § 4.551.............................................34

OTHER CITINGS,

Black's Law Dictionary, 3d.............................................17

Diagnostic Statistics Manual, 4th (DSM-IV).............................................5

1  Chad Edward Kastle
   CDCR # P-86598
2  Salinas Valley State Prison
   Facility B, Bldg. 5-102
3  31625 Highway 101, POB 1050
   Soledad CA 93960-1050
4  **Pro se litigant,**

5

6

7              CALIFORNIA COURT OF APPEALS

8                SIXTH APPELLATE DISTRICT

9

10 In re

11 CHAD EDWARD KASTLE
                (Petitioner)
12                                    Case No.   H032422

13      On Habeas Corpus

14 ─────────────────────────    PETITION FOR WRIT OF HABEAS CORPUS
                                AND ATTACHED MEMORANDUM OF POINTS
15 MIKE S. EVANS, Warden; SVSP  AND AUTHORITIES IN SUPPORT THEREOF
   et al.
                (Respondent).       Cal Penal Code §1474
16

17

18                        I

19                   INTRODUCTION

20

21      1      Petitioner **KASTLE**, CDCR # P-86598, was found

22 guilty of violating Title 15 of the California Code of

23 Regulations, Section 3290, Subd (d), during a Prison

24 Disciplinary Hearing, Prison Log No. B07-07-0036 for refusing

25 to submit to urinalysis requested by Custody Officer, S.

26 Martinez on July 25, 2007.  (see Exhibit A)

27      2      Petitioner contends that the information leading

28 Custody Staff to request this test, was erroneously given by

                    //kastle on habeas corpus//

                         - 1 -

1  Petitioner's psychotherapist, Dr. Karen Kirby, Medical License

2  No. G67502 (Respondent), when she disclosed confidential,

3  privileged information obtained during a treatment session

4  between Respondent Kirby MD, Respondent Cahalan and Petitioner

5  Kastle. (see Exhibit A & C)

6      3      Petitioner refused to submit to this test because

7  he believed this act to be an illegal breach of earlier

8  discussions held in a private, closed psychological session

9  between Responent Kirby, Respondent Cahalan and and Himself,

10  thus did not warrant such action under the law. (see Exhibit A

11  and C)

12      4      Respondent Kirby again violated Petitioner's

13  legal rights when she denied Petitioner any right to refuse her

14  to change his relying, psychotropic medication, without first

15  obtaining Petitioner's written Informed-Consent required by law.

16  Petitioner will show through -prima facie- evidence that

17  Respondent Violated her own regulations, requiring that she

18  specifically secure written Informed-Consent, prior to changing

19  a psychotic persons relying medication. (see, Exhibit C & E)

20      5      Leastly, during the course of Petitioner's

21  attempt to exhaust his Administrative remedies, so as he might

22  bring relief sought, through the Court system; The appeals

23  Coordinator, Mr. Eloy Medina, failed to file Petitioner's

24  exhaustive appeal, and blatantly disregarded Petitioner's

25  request for-outcome-of-pending-appeal, thus denying Petitioner

26  Due Process of Law. (see, Exhibit B)

27  ///

28  ///

II

PARTIES

6       Petitioner Chad Edward Kastle, CDCR # P-86598 is a prisoner of the State of California currently incarcerated at Salinas Valley State Prison, Monterey County.

7       Respondent Dr. Karen Y. Kirby MD Lic No. G67502, is a psychotherapist with a degree in neurology, currently employed by the State of California, at Salinas Valley State Prison.

8       Respondent E. Cahalan, is a Licensed Psychiatric Technician (LPT) Lic No. 33043, currently employed by the State of California, at Salinas Valley State prison.

9       Respondent M. Schneider, is a Board Certified Psychologist, currently employed by the State of California, at Salinas Valley State Prison.

10      Respondent Mike S. Evans is currently employed as Facility Warden at Salinas Valley State Prion, and as such is the legal custodian of Petitioner.

11      Respondent James E. Tilton, is currently employed as Secretary for the California Department of Corrections and Rehabilitation, and as such is responsible for the lawful operation of **all** of its institutions, including Salinas Valley State Prison, persuant to Cal Penal Code §5050.

12      Respondent Edmund G. Brown Jr., is currently employed as California Attorney General, and as such represents the People of the State of California.

///

//kastle on habeas corpus

- 3 -

III

STATEMENT OF FACTS

13      Concluding Petitioner's disciplinary hearing of
August 05, 2007, Correctional Lieutenant R.A. Kessler, after a
finding of "guilty" of said violation, then assessed Petitioner
ninety (90) days forfeiture of good-time credits, ninety (90)
days in disciplinary group "C", limited yard privilege, no
phone privileges, no dayroom privileges, loss of visiting
privileges, loss of book purchasing privileges, and placed
in disciplinary canteen group.  (see, Exhibit A)

14      In addition to the above, Petitioner is required
to conform, and submit to vigorous chemical testing for a period
of one year persuant to 15 CCR §3315(f)(4).  Petitioner is
now procedurally barred from applying for a restoration of
earned good-time credits persuant to 15 CCR §3327(a)(4).
(see, Exhibit A)

15      During a priority ducated psychiatric medication
management appointment, Petitioner met with his psychotherapist
for the sole purpose of renewing his relying psychotropic
medication, a redundantly, affirmitive task (8 years of same
medication).  During the course of the appointment, Respondent
Kirby contended that Petitioner seemed to be acting, "...in a
manner that was consistent with amphetamine abuse."
(see, Exhibit A & C)

16      Petitioner is currently under the direct care of
his treating Psychologist, Dr. M. Schneider, who has been his
sole case manager, consistently for over two years, treating

//kastle on habeas corpus//

- 4 -

1    Petitioner for various mental health disorders including,
2    Bipolar disorder, type mixed, while incarcerated at Salinas
3    Valley State Prison.  (see, Exhibit D)

4         17      Being that Petitioner does suffer from the
5    discussed illness, the symptoms described in Respondent Kirby's
6    disciplinary report to Staff Sergeant Jansen (see, Exhibit A,
7    Exhibit page 5, RVR Reports), that of Petitioner acting in a
8    manner, "consistent with amphetamine abuse" were that of the
9    normal, promonant symptom for that of a person experiencing a,
10   "Bipolar-episode" within the meaning of the current judicially
11   recognized DSM-IV (Diagnostic & Statistical Manual, 4d) and
12   could not have been unapparent to Respondent Kirby (a State
13   rubberstamp) and her Psychiatric Technician on the day of the
14   July 25, 2007 incident.
15   (see, Exhibit A, and DSM-IV)

16        18      Petitioner's prior treating psychotherapist to
17   Respondent Kirby, Dr. Eva MD saw Petitioner on five seperate
18   occations, approximately thirty (30) days consecutively, would
19   secure Petitioner's written "Informed-consent" at **every**
20   medication management session that Dr. Eva conducted on
21   Petitioner, without fail.  Dr. Eva did this repetitive process
22   any time he treats a psychotropically reliant patient,
23   regardless of wheather Dr. Eva changed a patients medication or
24   mearly adjusting the dosage of subsequest medication.
25   (see, Exhibit E, Dr. Eva's Psychiatric notes of Petitioner)

26        19      If Respondent Kirby had even mearley "scanned"
27   Petitioner's available mental health records, previous to
28   Petitioner's arrival, she would have understood that Petitioner

//kastle on habeas corpus//

- 5 -

1  had been reliant, and successful (for over eight years) on his

2  current medication regiment, and has continued to be so

3  throughout his entire adult life.  (see, Exhibit F)

4      20      Shortly after the July 25th incident, on August

5  2nd, Petitioner filed a timely Administrative Appeal (hereafter

6  known as CDCR-602-appeal) to the Appeals Coordinator,

7  Correctional Counseler Eloy Medina, as Petitioner is required

8  by statute to exhaust any available administrative remedies

9  prior to bringing any action in State Court.

10  (see, Exhibit B, Exhibit page(s) 5-9)

11      21      On August 07, 2007 Petitioner submitted to the

12  Medical Records Department, a GA-22 form ("Inmate Request For

13  Interview") attached to a CDC-193 form ("Trust Account

14  Withdrawal Order") for the purpose of obtaining a "Complete

15  Copy" of Petitioner's Mental Health File, describing the July

16  25th incident.  Note that Petitioner knew he could not request

17  this material through the CDC-602-appeal process because an

18  inmate may only submit one (1) CDC-602-appeal per seven day

19  interval according to 15 CCR §3084.4(a); Petitioner had filed

20  his Exhaustive CDCR-602-appeal only five days ago, and was

21  barred from using the appeal process at that time.  Medical

22  Records did not comply with his August 7th request, thus

23  Petitioner, after seven-working-days had passed, submitted a

24  CDCR-602-appeal directing that Medical Records provide him, in

25  toto, with a copy of his mental health file.  Petitioner

26  attached copies of the August 7th, GA-22 and CDC-193 forms to

27  the CDCR-602-appeal as exhibits of sorts, giving the Appeals

28  Coordinator evidence of a prior attempt to retrieve said

//kastle on habeas corpus//

1  records before iniating the appeals process.  This CDCR-602

2  was returned to Petitioner sometime after August 24, 2007 as

3  it was never given a date-stamp, only a log No. of MAO-07-2120

4  at the bottom left corner of this August 13, 2007 CDCR-602.

5  (see, Exhibit B, Exhibit page 16, 17, and 18)

6      22    On August 19, 2007, after not hearing of the

7  proceedings of his original CDCR-602 of August 2, 2007, and

8  his subsequent August 13, 2007 CDCR-602, Petitioner then filed

9  a GA-22 ("Inmate Request For Interview") to further inquire of

10 the proceedings of his two appeals, (1) 8/2/07 "Exhaustive"

11 Appeal, and (2) 8/13/07 "Records" appeal, a copy of this GA-22 form was

12 included as Exhibit B, Exhibit page 13 in his Habeas Corpus

13 previously filed by the Monterey County Superior Court, Case

14 No. HC5929, and is again supplied at Exhibit B, Exhibit page 13

15 of this petition.  Please note that The Honorable Stephan A.

16 Sillman of the Monterey County Superior Court denied KASTLE's

17 petition (on December 3, 2007) in part because, "Petitioner has

18 not submitted a copy of this request" (refering to the GA-22 of

19 August 19th).  Petitioner in fact included this document in the

20 original petition, therefore the Courts reasoning for the

21 December 3rd denial of the petition, fails.  (see, Exhibit G)

22     23  '   After Appeals Coordinator again failed to respond

23 to August 19th GA-22, Petitioner, on September 5th, 17 days

24 later, submitted a subsequant CDCR-602 Appeal to the Appeals

25 Coordinator.  This is the very first document to receive a

26 date-stamps (of September 6, 2007) by the Coordinator.  Within

27 this CDCR-602, Petitioner again inquires as to the proceedings

28 of both his August 2nd CDCR-602 and August 19th GA-22.

//kastle on habeas corpus//

- 7 -

1  The Appeals Coordinator, Mr Eloy Medina, CC II, thus responded

2  to the August 5th CDCR-602, by attaching a CDCR-695 ("Inmate/

3  Parolee Appeal Screening From") to the front of the Appeal,

4  stating that this issue is "Not an Appeal" and that Petitioner

5  should send any request for interview forms to medical.  As

6  well, Mr. Eloy Medina attached a listing of "Formal Appeals"

7  that Petitioner had filed for the past several years.  Note

8  that the Prison does not record any appeals submitted to their

9  department at the "Informal level" (AKA the first-level),

10 and if the Coordinator had only read the addressing appeal,

11 he would have known this to be an Informal-appeal, not required

12 to be either recorded on the "Inmate/Parolee Appeals Tracking

13 System form", or **normally** given a LOG number.  Mr. Medina,

14 therefore did know that Petitioner's August 2nd CDCR-602 would

15 not have shown up on the Tracking form.

16 (see, Exhibit B, page 1 et seq.)

17         24      Petitioner was bound by the face of the attached

18 CDCR-695 from appealing the Appeal Cordinator's **perfunctory**

19 response, thus Petitioner filed a **third** subsequent CDCR-602 to

20 resolve the whereabouts of his appeals and, "informal requests"

21 in addition to requesting an extension of time to re-file the

22 August 2nd CDCR-602, as this appeal was now time-barred and

23 outside any time-constraints in accordance with 15 CCR §3094.7,

24 subd (c).  The prior copies of both the August 2nd CDCR-602,

25 the August 19th GA-22, as well as the September 5th CDCR-602

26 with the attached CDCR-695 "Screening form" were thus submitted

27 as "attachment" to this final CDCR-602 dated September 17th.

28         25      In the final CDCR-602 dated Sept. 17th,

//kastle on habeas corpus//

- 8 -

1  Petitioner's claims were met with another CDCR-695 "Screening

2  Form", again barring Petitioner from any further attempts to

3  exhaust available administrative remedies.

4  (see, Exhibit B, Exhibit page 1 et seq.)

5      26      The lack of due diligence on the part of

6  Respondent Kirby for mistaking Petitioner's **NORMAL PROMONENT**

7  **SYMPTOM** for that of a person having been abusing illegal

8  amphetamines;  the negligence on the part of Respondent's Kirby

9  and her Certified Technician, Ms. E. Cahalan for failing to

10 review Petitioner's psychiatric file, prior to their scheduled

11 appointment; by Dr. Kirby violating the law, thus disclosing

12 privileged, confidential information to persons not lawfully

13 able to receive or hold such privilege, for the purpose of

14 confronting Petitioner for an "Unwarranted search/procedure",

15 thus shows that Respondent Kirby was acting contrary to a

16 professional physician, holding a personal position only to

17 endanger her patient.

18      27      The lack of due diligence on the part of the

19 Administrative Coordinator, Mr. Eloy Medina, CC II, for failing

20 to properly address and process all incoming appeals persuant

21 to a set, procedure, thus denying Petitioner due process to

22 exhaust his administrative remedies, according to law, further

23 allocates misconduct on the part of this Department.

24      28      Petitioner has previously sought grant of this

25 petition in the Superior Court of California, County of Monterey

26 and was subsequently denied on December 3rd, 2007 Case No.HC5929

27 by the Honorable Stephan A. Sillman.

28 ///

//kastle on habeas corpus//

- 9 -

29    Petitioner has further been able to exhaust his administrative remedies by way of the California Tort Claims Act, persuant to Cal Gov Code §810 et seq.  Petitioner's claim was filed sixty (60) days from the subsequent July 25th incident and was addressed by the Claims Board on November 13, 2007, as well is due to be further reviewed by the VCGCB (Board) at a December 13, 2007 hearing.  (see Exhibit H)

30    The Board concludes that the relief sought in Petitioner's Claim, would be best handled by the court system. (see, Exhibit H, Exhibit page 4)

31    The Respondent Mr. Eloy Medina was ommitted from the PARTIES sections of this petition, and should be incorporated, supra, as being employed as Administrative Coordinator, employed by the State of California at Salinas Valley State Prison.

///
///
///
///
///
///
///
///
///
///
///
///
///

//kastle on habeas corpus//

- 10 -

IV

## CONTENTS

### 1.

PETITIONER WAS DENIED THE RIGHT OF PSYCHOTHERAPIST-PATIENT
CONFIDENTIALITY UNDER; CAL EVID CODE §1012 AND §1014
CAL CIVIL CODE §56.10, §2016 AND §2031; CAL PENAL CODE §1524,
AND §1543; CAL W & I CODE §5328 AS WELL AS 15 CCR §3361;
RUDNICK V. SUPERIOR COURT (1974) 11 CAL 3D 924;
US V. HAYES (2000) 227 F 3D 578;
AND THE UNITED STATES 8TH AND 14TH AMENDMENTS OF
THE CONSTITUTION

### 2.

PETITIONER'S PSYCHOTHERAPIST FAILED TO SECURE WRITTEN INFORMED
CONSENT PRIOR TO CHANGING PETITIONER'S RELYING PSYCHOTROPIC
MEDICATION AGAINST PETITIONER'S DEMISE
THUS VIOLATING CAL W & I CODE §5326 ET SEQ; CAL PENAL CODE §3521;
PEOPLE V. DELGADO (1989) 262 CAL RPTR 122;
CHANCE V. ARMSTRONG (1998) 143 F 3D 698;
CAL CONST, ART I, §§7, 29;
AND THE UNITED STATES 8TH AMENDMENT OF THE CONSTITUTION

### 3.

PRISON ADMINISTRATIVE COORDINATOR FAILED TO PROCESS
PETITIONER'S EXHAUSTIVE APPEAL THUS DENYING PETITIONER
DUE PROCESS UNDER THE LAW
THUS VIOLATING THE COURT'S ORDER OF, IN RE MUSZALSHI
(1975) 51 CAL APP 500;
PETERSON V. LAMPERT (9TH CIR 2002) 277 F 3D 1073;
AND THE UNITED STATES 5TH AND 14TH AMENDMENTS OF
THE CONSTITUTION

///
///
///
///
///
///
///

//kastle on habeas corpus//

V

**PRAYER FOR RELIEF**

Petitioner is without remedy save for Habeas Corpus.  Accordingly, Petitioner requests that this Court:

1    Issue this Writ of Habeas Corpus

2    Issue an ORDER TO SHOW CAUSE

3    Issue an ORDER directing the California Department of Corrections and Rehabilitation to EXPUNGE Petitioner's July.25, 2007 RVR-LOG #B07-07-0036, and restore Petitioner's ninty (90) forfeiture of earned good-time credits, thus restoring Petitioner's Release date of July 11th, 2010.

4    Grant any and all other relief found necessary or appropriate in this matter.

**VERIFICATION/DECLARATION**

I, CHAD EDWARD KASTLE, CDCR # P-86598 declare: I am the Petitioner in this action.  I have read the foregoing petition and the facts stated herein are true of my own knowledge, except as to matters that are stated therein, on my information and belief; and as to those matters I believe them to be true.

I declare under penalty of perjury of the laws of the state of California that the foregoing is true and correct; this Verification/Declaration was executed at Soledad, California on this 12th day of December , 2007.

Respectfully Submitted,

Chad E. Kastle, #P-86598
Petitioner, In Pro se.

//kastle on habeas corpus//

## MEMORANDUM OF POINTS AND AUTHORITIES

### IN SUPPORT OF THE PETITION FOR WRIT OF HABEAS CORPUS

### INTRODUCTION

1      California Inmates enjoy the right of privilege allocated them within the "Psychotherapist-Patient" statute at California Evidence Code, Sections §1012 and §1014.

2      California Inmates, as well, enjoy the security of knowing that they may speek freely when disclosing any personal, private matters to their therapist, in closed conversation in accordence with Title 15 of the California Code of Regulations under **Mental Health Services** Subchapter IV, Article 9, Section §3361, subd. (c).

3      Inmates enjoy the right to refuse any psychological medication in this State under Keyhea V. Rushing (1986) 178 Cal App 3d 526, as well inmates are allotted the right to give **Written Informed-Consent** prior to any Medical Doctor changing a reliant patients medication under California Penal Code, Section §3521 et seq., as well as cited in the California Case of People V. Delgado (1989) 262 Cal Rptr 122.

4      Petitioner must duly exhaust any and all administrative remedies available prior to initiating any action in the Courts. (e.g. Petition  for Writ of Habeas Corpus) (see, In re Muszalski (1975) 52 Cal App 500)

5      When Administrative Coordinator Mr. Eloy Medina failed to process Petitioner's Exhaustive Appeal(s), the Respondent did violate Petitioner's right to Due Process under the California Constitution, Article I, Section(s) §7 and §29.

//kastle on habeas corpus//

6        Petitioner had thus been punished illegally for relying on what little right he still had.  Responsible parties are continuing to act **Under Color of State Law** (Parratt v. Taylor (1981) 101 S Ct 1908, 1913) while continuing to be employed by the State of California at Salinas Valley State Prison.

## CONTENTION

### 1

PETITIONER WAS DENIED THE RIGHT OF PSYCHOTHERAPIST-PATIENT
CONFIDENTIALITY UNDER; CAL EVID CODE §1012 AND §1014;
CAL CIVIL CODE §56.10, §2016 AND §2031; CAL PENAL CODE
§1524 AND §1543; CAL W & I CODE §5328; AS WELL AS UNDER
15 CCR §3361; RUDNICK V. SUPERIOR COURT (1974) 11 CAL 3D 924;
UNITED STATES V. HAYES (2000) 227 F3D 578;
AND THE UNITED STATES 8TH AND 14TH AMENDMENTS OF THE
CONSTITUTION

## ARGUMENT

7        California prisoners have the right to not only hold, but to refuse to have discloed a privilege gained during the course of a Psychotherapist-Patient relationship.

8        The California Evidence Code, at Section 1012 thus holds that:

> "...confidential communication between a patient and their psychotherapist means information, including information obtained by an examination of the patient, trasnmitted between a patient and their psychotherapist in the course of that relationship and in confidence by a means which, so far as the patient is aware, discloses the information to no third persons other than those who are present to further the intrest of the patient in the consultion, or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the psychotherapist is consulted, and in the course of that relationship."

///

//kastle on habeas corpus//

9       It is quite clear from Respondent Kirby's

supplemental report to Sergeant Jansen on July 25, 2007 (see,

supplemental RVR report at Exhibit A, Ex. p. 5) that the

psychotherapist, Respondent Kirby, in this case did disclose,

**"information obtained by an examination of the patient."**, to

an unauthorized third person (Sergeant Jansen) for which

Petitioner was then disciplined.

10       California Regulation regarding mentally ill

inmates under Title 15 C.C.R. §3361(c) gives:

> "Recognizing that mental health care often involves revealing
> deeply personal and private matters, all mental health care
> shall be provided in such a manner as to maintain the dignity
> of the inmate. Professional relationships shall to conducted
> with proper privacy, with due regard for the professional to
> take necessary and appropriate action to prevent harm to the
> patient or to others. Records of Mental Health diagnosis,
> evaluation and treatment prepared or maintained by the
> department shall remain the property of the department and
> are subject to all applicable laws governing their confiden-
> tiallity and disclosure. **Treatment will be accord with sound
> principals of practice and will not serve a punitive purpose."**

11       Indeed Petitioner, in this case, was subjected to

**punitive** measures because of this unwarranted disclosure.

12       Under California Evidence Code, Section §1014

and cited in <u>Nielsen V. Superior Court</u> (1997) 55 Cal App 4th

1150, provides that:

> "...the patient, whether or not a party, has a privilege to
> refuse to disclose, and to prevent another from disclosing,
> a confidential communication between patient and psychothera-
> pist. Confidential communications are protected to encourage
> those who may pose a threat to themselves or to others,
> because of some mental or emotional disterbance, to seek
> professional assistence. The privilege reflects a patient's
> **constitutional right to privacy** and is broadly construed in
> favor of the patient. The psychotherapist-client privilege is
> broader than other privileges. Unlike the physician-patient
> privilege for example, <u>the psychotherapist-patient privilege
> can be invoked in a criminal proceding."</u>

//kastle on habeas corpus//

13      Under California Evidence Code, Section §1024 and cited in the California case of Ewing V. Goldstein (2004) 120 Cal App 4th 807, the Court is very clear that:

> "...[there] is no privilege if the patient is in a mental or emotional condition as to be a danger to himself or to the person or property of another and that [such] disclosure of communication is necessary to prevent the threat of danger."

14      The Respondent makes it clear to Sergeant Jansen in the RVR report (Exhibit A, Ex. p. 5) as to the [demeanor] of Petitioner during their private, closed session, stating in her disciplinary report that, Petitioner was, "agitated, anxious, slightly tremulus, argumentitive, defensive, slightly paranoid, demanding and not properly processing information."

15      Respondent's Kirby or Cahalan (Kirby's Tech) never associated any threat of danger in either of their reports of Petitioner's behaviour.  Respondent Kirby didnt summons any Correctional Staff to repremand Petitioner (as would normally have been done if an inmate was "acting-out"), but instead sent Petitioner back to yard  without doubt of any "danger" of Petitioner harming himself or others.

16      At page 820 of Ewing, supra, the Court concludes that"

> "Even is a threat of violence is communicated to a psychother-apist, a duty to 'warn' arises only, [if] the information communicated to the therapist leads the therapist to believe his or her patient posses a serious risk of, **grave bodily injury to another.'"**  (emphasis added)

## CONCLUSION

17      Why Respondent did not follow her own procedure thus ordering a toxicology of Petitioner through **medical Staff,**

thus protecting Petitioner's privilege, but instead, used

**"Deliberate Indifference"** (Defined in Black's Law Dictionary as

"The careful preservation of one's ignorance despite awareness

of circumstances that would put a reasonable person on notice

of a fact essential to a crime.") as cited under Colemen V.

Wilson (1995) 912 F Supp 1282 @ 1316, Respondent Kirby and

Cahalan instead took the haphazard route and requested that

**Custody Staff (not Medical Staff)** secure this test of Petitioner

knowing full well this matter would in fact put the Petitioner

in danger of being disciplined by custody staff.

18      Cited under Chance V. Armstrong (1998) 143 F3d

698, "In certain instances, a physician may be deliberately

indifferent if he or she consciously chooses, 'an easier and

less efficaious' treatment plan." (Id. at p. 703-704)

(see also Williams V. Vincent (2nd Cir. 1974) 508 F2d 541, 544;

waldrop V. Evans (11th Cir 1989) 871 F2d 1030, 1035 (reaffirming

the position that "choice of an eaiser but less efficacious

course of treatment can constitute Deliberate Indifference"))

19      Respondent had absoutly no authority to disclose

privileged medical information to custody staff under California

Civil Code, Section §56.10, nor was it the intent of the

legislature to warrant such action under the California

Walfare and Institutions Code, Section §5328.

20      Petitioner thus requests this Court issue an

Order directing the California Department of Corrections and

Rehabilitation to restore Petitioner's lost, earned good-time

credits, atributable to "tainted Information" given for the

reasoning of said test.

//kastle on habeas corpus//

**CONTENTION**

**2**

PETITIONER'S RELYING PSYCHOTHERAPIST FAILED TO SECURE
WRITTEN INFORMED CONSENT PRIOR TO CHANGING PETITIONER'S
PSYCHOTROPIC MEDICATION AGAINST PETITIONER'S DEMISE
THUS VIOLATING CAL W & I CODE §5326 ET SEQ; CAL PENAL
CODE §3521; PEOPLE V. DELGADO (1989) 262 CAL RPTR 122;
CHANCE V. ARMSTRONG (1998) 143 F3D 698;
CAL CONST. ART I, §7 AND §29;
AS WELL AS UNDER THE UNITED STATES CONSTITUTIONAL
8TH AMENDMENT

**ARGUMENT**

21      During the course of Petitioner's scheduled

medication management appointment with Respondent Kirby and

Respondent Cahalan, Petitioner declined to give consent to

Respondent Kirby so that she might change Petitioner's

medication to that of a level Petitioner knew would cause a

drastic increase in the degree of his manic, psychotic

episodes.  (see, Exhibit B, Ex. p 5-6)

22      Holding in the California case of People V.

Delgado (1989) 262 Cal Rptr 122, gives"

> "Informed consent means that the prisoner without duress
> or coercion, clearly and explicitly manifests consent to
> the proposed medication to the treating physician in writing.
> In order to obtain informed consent, the following information
> shall be given to the prisoner in a clear, and explicit
> manner" (a) The reason for treatment, that is, the nature of
> seriousness of the person's illness, disorder or defect.  (b)
> The nature of the procedures to be used in the proposed
> treatment, including its probable frequency and duration.
> (c) The probable degree and duration (temporary or permanant)
> of improvement or remission, expected with or without such
> treatment.  (d)...Incompetent of refusing medication...
> gravely disabled...danger to others, etc."

23      Petitioner did not become "frantic" during his

medication management appointment until after Respondent Kirby

//kastle on habeas corpus//

- 18 -

1  decided to change **Petitioner's** dosage to a level he knew would

2  be contrary to his working, current treatment plan.

3

4      24       The California Penal Code at Section §3521

   provides that:

5

6      "For the purpose of this title, a prisoner shall be deemed to
       have given informed consent [only] if each of the following
       conditions and satisfied; (a) Consent is given without duress,

7      coercion, fraud or undue influence  (b) The prisoner is
       informed in writing of the potential risks or bensfits, or
       both of the proposed research (c) The prisoner is informed

8      orally and in writing in the language in which the subject
       is fluent..."

9

10     25       This statue is further definded in California

11  Walfare and Institutions Code, Section §5326.4 as:

12     "(a)...written informed consent means that a person knowingly
       and intelligently, without duress or coercion, clearly and

13     explicitly manifests consent to the proposed therapy to the
       treating physician and in writing on the standard consent form

14     prescribed in section §5326.4 et seq."

15     (see, Exhibit F, Ex. p 11 standard consent form)

16     26       Petitioner has spent several weeks in a manic,

17  anxious state, failing to eat or sleep because his relying

18  therapist neglected to properly review Petitioner's psychiatric

19  file (which was available on Respondent's desk while confronting

20  Petitioner) prior to their scheduled meeting.

21     27       Citing a popular California case involving the

22  proper treatment of prisoners with mental disabilities at

23  Keyhea V. Rushing (1986) 178 Cal App 3d 526 and thus holds:

24     "Both statutory and case-law make it clear, however, that
       medication furnished for mentally disabled persons must be

25     necessary and must be provided in such a way that is least
       restrictive or intrusive of the patient's individual freedom."

26

                              **CONCLUSION**

27

28     28       Petitioner concludes that this argument askes the

    ///

                        //kastle on habeas corpus//

1  Court to acknowledge the misuse of Respondent Kirby's position

2  with both a doctorate in Psychiatricy and Neurology, when she

3  is confronted by a prisoner regarding his recommended course of

4  treatment, which Respondent obviously took as a challenge of

5  her professional position, thus failing to treat Petitioner as

6  a mentally disabled person.

7      29      Respondent Kirby along with her Technician

8  Respondent Cahalan did indeed use Deliberate Indifference with

9  regard to their treatment of Petitioner.

10      30      Petitioner prays that this Court will grant his

11  requested relief issuing an order to the CDCR to return his

12  forfeited earned good-time credits.  As for Respondent,

13  perhaps the State will review Respondent Kirby's prior records

14  for further acts of misconduct of California mentally ill

15  inmates, and stall her less-than-adequate psychiatric

16  techniques from harming others at a time the prison system is

17  so rotten with medical misconduct.

## CONTENTION

### 3

PRISON ADMINISTRATIVE COORDINATOR FAILED TO PROCESS
PETITIONER'S EXHAUSTIVE APPEAL THUS DENYING PETITIONER
DUE PROCESS UNDER THE LAW, THUS VIOLATING THE COURT'S
ORDER OF, IN RE MUSZALSHI (1975) 51 CAL APP 500;
PETERSON V. LAMPERT (9TH CIR 2002) 277 F3D 1073;
AS WELL AS THE UNITED STATES CONSTITUTIONAL 5TH AND 14TH
AMENDMENTS

### ARGUMENT

26      31      An inmate who is planning to file a petition

27  for Writ of Habeas Corpus in the State Court against a prison

28  employee must first, "exhaust administrative remedies" by using

//kastle on habeas corpus//

1    any available administrative appeal process.   [see, In re Strick

2    (1983) 148 Cal App 3d 906, 911; In re Dexter (1979) 25 Cal 3d

3    921, 925; In re Muszalski (1975) 52 Cal App 3d 500, 503].

4       32    The doctrine of exhaustion of administrative

5    remedies has not hardened into inflexable dogma.  It contains

6    its own execeptions.

7       33    In the California case of Ogo Associates V.

8    City of Torrance (1974) 37 Cal App 3d 830, 834 (for example,

9    exhaustion is not required in the administrative remedy is

10   "unavailable" or "inadequate") (see also, White V. California

11   (1987) 195 Cal App 3d 452, 464; Glendale City Employees

12   Association, Inc. V. City of Glendale (1975) 15 Cal 3d 328, 342)

13      34    The Ninth Circuit Court of Appeals holds that in

14   Peterson V. Lampert (9th Cir 2002) 277 F3d 1073, "[a] federal

15   claim not fairly presented if court must read beyond the petition

16   or brief to find presence of such a claim".  (see also,

17   Kelly V. Small (9th Cir 2003) 31 F3d 1063; Rhines V. Weber (2005)

18   125 S Ct 1528; 161 L Ed 2d 440, if petitioner had good cause for

19   failure to exhaust, his unexhausted claims are potentially

20   meritorious, and there is no indication that the petitioner

21   engaged in intentionally dilatory tactics, federal court may

22   grant a request for stay and abeyance); Olivera V. Giurbino

23   (9th Cir 2004) 371 F3d 569.

24      35    As shown in the Petitioner's Administrative

25   Appeal,(Exhibit B et seq.) Petitioner was continously blocked

26   by Respondent Eloy Medina, by his use of the CDCR-695, "Inmate/

27   Parolee Appeals Screening Form", which Petitioner contends

28   Mr Medina used this form "frivoliously", thus denying Petitioner

//kastle on habeas corpus//

- 21 -

1  any right to Due Process afforded by the 8th and 14th
2  amendments of the United States Constitution.

3       36       Moreover, a prisoner should file an administrative
4  appeal even when there may be an exception to the exhaustion
5  requirement.  Because the courts generally are reluctant to
6  invoke an exception to the exhaustion requirement, filing an
7  appeal will show that an attempt was made to resolve this
8  matter, administratively.

9                          CONCLUSION

11      37       In conclusion, citing <u>Preiser V. Rodriquez</u> (1973)
12  411 U S 475, "...which held that the sole remedy in Federal
13  Court for a prisoner seeking restoration of good-time credits,
14  is thus a Writ of Habeas Corpus."

15      38       It is further quite unlikely that even if
16  Petitioner had been able to be granted Due Process to exhaust
17  his administrative appeal, it would not have been granted, the
18  CDCR has kept reluctant to grant a restoration of forfeited
19  earned good-time credits.  As well any investigation which
20  might have surfaced actionable evidence, could not exist outside
21  of some type of "evidenciary hearing".

22      39       Through Court Ordered "Integratories" the Petitioner
23  can show further evidence that the Respondent acted in an
24  illegal manner.

25      40       Petitioner prays this Court will grant the sought
26  relief mentioned in the foregoing petition, and issue a Writ
27  of Habeas Corpus.
28  ///

                    //kastle on habeas corpus//

## VERIFICATION

41        I, Chad Edward Kastle CDCR P-86598 declare:

I am the Petitioner in the aforementioned matter.  I have read the foregoing petition for Writ of Habeas Corpus and Memorandum of Supporting Points and Authorities, and that the facts stated herein are true of my own knowledge, except as to matter that are therein stated on my own information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury  of law under the State of California that the foreging is true and correct, and that this verification was executed at Soledad California, on the 12th day of December  2007.

Respectfully Submitted,

Chad E. Kastle, CDCR P86598
Petitioner, In Pro se.

//kastle on habeas corpus//

- 23 -

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC.466 & 2015.5; 28 U.S.C.SEC.1746)

I, _Chad E. Kastle_____ declare under penalty of perjury that: I am the ___Petitioner_____ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _15 TH_ day of _April___, 20_08_, at Salinas Valley State Prison, 31625 HWY 101, P.O.Box 1050, Soledad, California 93960-1050.

(Signature) _____
DECLARANT/PRISONER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

PROOF OF SERVICE BY MAIL
(C.C.P. SEC.1013(a) & 2015.5; 28 U.S.C. SEC.1746)

I, _Chad E. Kastle_____, am a resident of a California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and AM/~~AM NOT~~ a party of the above entitled action. My State Prison address is: P.O.Box 1050, Soledad, Calif. 93960-1050.

On this _15 TH_ day of _April___, 20_08_, I served the foregoing:

___Petition for Writ of Habeas Corpus, (530)_____

_____

_____

(Set forth exact title of document(s) served)

On the pary(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

_CA Attorney General_____
_280 S. First Street_____
_San Jose, CA 95113_____
(List parties served)

There is delivery service by the United States Mail at the place so addressed, and/or regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _4-15____, 20_08_.        (Signature) _____
DECLARANT/PRISONER

Salinas Valley State Prison
Chad Hostler P86598
PO Box 1050 (B5-102)
Soledad, CA (B5-102)
93960-1050

United States District Court
Northern District of California
ATTN: office of the Clerk.
280 S. First St., Ste.#2112
San Jose, CA   95113-3008