NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD EDWARD KASTLE,<br><br>  Petitioner,<br><br> vs.<br><br>MICHAEL S. EVANS, Warden,<br><br>  Respondent. | No. C 08-02196 JF (PR)<br><br>ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a prison disciplinary hearing that resulted in the forfeiture of good time credits. Petitioner filed a request to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner is currently serving a sentence for a state conviction at Salinas Valley State Prison ("SVSP"). On August 5, 2007, Petitioner was found guilty of refusing to submit to an urine analysis and was assessed 90 days forfeiture of credit. (Pet. 2.)

Petitioner filed state habeas petitions in the state superior, appellate, and high courts. The California Supreme Court denied the petition on March 26, 2008. (Pet. 8.)

1  Petitioner filed the instant federal habeas petition on April 25, 2008.

## DISCUSSION

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Petitioner's Claim

Petitioner alleges that the disciplinary hearing violated his right to due process because the evidence used to support the guilty finding was privileged and therefore impermissibly used. Specifically, Petitioner claims that "[his] psychologist provided confidential information to non-privileged custody staff for the sole purpose of disciplining [Petitioner]" in violation of his right against unreasonable search and seizure. (Pet. 5.)

When a prisoner challenges actions which affect the legality or duration of his custody and a determination of the action may result in entitlement to an earlier release, habeas corpus is the sole remedy. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Any deprivation of earned prison time credits therefore must be remedied by way of a petition for a writ of habeas corpus. Id.

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. Wolff v. McDonnell, 418 U.S. 539, 556 (1974 ). While prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, the Due Process Clause does mandate certain minimum procedural protections where serious rules violations are

1  alleged and the sanctions are severe. Id. at 556-57, 571-72 n.19. Under Wolff, a prisoner
2  is entitled to the following: (1) written notice of the charges; ( 2) no less than twenty-four
3  hours to prepare for his appearance before the disciplinary committee; (3) a written
4  statement by the fact finders as to the evidence relied on and reasons for the disciplinary
5  action; (4) to call witnesses and present documentary evidence in his defense when
6  permitting him to do so will not be unduly hazardous to institutional safety or correctional
7  goals; and (5) the aid of a fellow inmate or substitute aid from the staff where an illiterate
8  prisoner is involved or the issues are complex. Id. at 564-570.

9        Petitioner does not allege that prison officials failed to comply with any of the
10 procedural mandates under Wolff. Indeed, the documents submitted by Petitioner with
11 his petition show that he received all the necessary procedural protections in the course of
12 the challenged disciplinary action: (1) Petitioner received a written notice of the charges
13 on August 1, 2007, such that (2) he had more than twenty-four hours to prepare for his
14 appearance before the disciplinary committee on August 5, 2007; (3) there was a written
15 statement by the fact finders as to the evidence relied on and reasons for the action in the
16 form of the Rule Violation Report; (4) Petitioner had an opportunity to call witnesses and
17 present a defense; and (5) Petitioner was not illiterate nor the issues complex to warrant
18 staff assistance. (Pet. Ex. A.) Accordingly, there was constitutional deficiency with
19 respect to the procedures in this disciplinary action. Rather, Petitioner challenges the
20 disclosure of what he claims was privileged information by his psychologist to prison
21 officials which lead them to seek the urine analysis from Petitioner. He claims the use of
22 this evidence to find him guilty in this disciplinary action violated due process and his
23 Fourth Amendment right to unreasonable search and seizure.

24     In Superintendent v. Hill, 472 U.S. 445, 454 (1985), the Court held that the
25 revocation of good-time credits does not comport with the minimum requirements of
26 procedural due process in Wolff unless the findings of the prison disciplinary board are
27 supported by some evidence in the record. The standard for the modicum of evidence
28 required is met if there was some evidence from which the conclusion of the

1  administrative tribunal could be deduced.  See id. at 455.  An examination of the entire
2  record is not required nor is an independent assessment of the credibility of witnesses or
3  weighing of the evidence.  See id.  The relevant question is whether there is *any* evidence
4  in the record that could support the conclusion reached by the disciplinary board.  See id.
5  The Court reiterated that revocation of good-time credits is not comparable to a criminal
6  conviction and neither the amount of evidence necessary to support such a conviction, nor
7  any other standard greater than some evidence, applies in this context.  See id. at 456.

8       Petitioner's claim is without merit.  There was some evidence to support the
9  disciplinary board's finding of guilty to satisfy Hill, 472 U.S. at 455, as the evidence
10 included the testimony of the correctional officer who attempted to obtain the urine
11 sample from Petitioner and Petitioner's own admission that he refused to comply with the
12 officer's order.  (Pet. Ex. A at 4.)  Furthermore, the use of the psychologist's testimony
13 which instigated the investigation into Petitioner's potential substance abuse does not get
14 review above this some evidence standard because the revocation of good-time credits is
15 not comparable to a criminal conviction.  See Hill, 472 U.S. at 456.

16      As it is clear from the petition that the state court's denial of Petitioner's claim was
17 neither contrary to nor an unreasonable application of federal law, and consequently that
18 Petitioner is not entitled to habeas relief, the petition will be dismissed.

19 C.    Motion to Proceed *In Forma Pauperis*

20      Petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is
21 GRANTED.

22 **CONCLUSION**

23      For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.
24 The clerk shall close the file and enter judgment.

25      IT IS SO ORDERED.
26 DATED: 7/18/08

JEREMY FOGEL
United States District Judge